1  Gary Wayne Gipson Jr.
   P.O. Box 187
2  Litchfield Park, AZ. 85340
   602-578-0345
3  Fax 623-476-7262

4  Pro Per

```
┌─────────────────────────────────┐
│ _X_ FILED      ___ LODGED        │
│ ___ RECEIVED   ___ COPY          │
│                                  │
│        APR 0 3 2009              │
│                                  │
│  CLERK U S DISTRICT COURT        │
│    DISTRICT OF ARIZONA           │
│ BY_____ Z  DEPUTY         │
└─────────────────────────────────┘
```

5

6        UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA

7           IN AND FOR MARICOPA COUNTY, ARIZONA

8                    CV '09 0686   PHX ROS

9  Gary Wayne Gipson,                ) Case No.:
                                     )
10             Plaintiff,            ) COMPLAINT TO ENJOIN
                                     ) FORECLOSURE:
11     vs.                           )   1. Unfair Debt Collection
                                     )      Practices
12  Carrington Mortgage Services,    )   2. Predatory Lending Practices
    LLC, Does 1 through 10,          )   3. RICO Violations
13  inclusive,                       )
                                     )
14             Defendants.           ) Hearing:
                                     ) Time:
15                                   ) Dept:
                                     ) Judge:
16                                   ) Action Filed:
                                     ) Trial Date:
17                                   )
                                     )
18                                   ) [Unlimited Jurisdiction Case]
                                     )
19  ─────────────────────────────────)

20              GENERAL CHARGING ALLEGATIONS

21             AS TO ALL CAUSES OF ACTION

22             (AS TO ALL NAMED DEFENDANTS)

23
    1.     The Plaintiff Gary Wayne Gipson Jr. in the above
24
    captioned cause, now and at all times was the owner and resident
25
    of real property commonly known as 14870 W. Windsor Ave.
26
    Goodyear AZ. 85338 Maricopa County, Goodyear, Arizona (Subject
27
    Property). The legal description for the subject property is Lot
28
    87, of GOODYEAR PLANNED REGIONAL CENTER PARCEL 9, ACCORDING TO

                    COMPLAINT TO ENJOIN FORECLOSURE - 1

THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 648 OF MAPS, PAGE 14. The assessor's parcel number is 508-14-087.

2.     Defendant Carrington Mortgage Services, LLC, hereinafter (CMS) is a Delaware Limited Liability corporation registered to do business in the State of Arizona as a foreign entity, and the mortgage servicer for plaintiff's "federally related mortgage loan" account, as those terms are defined in the RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i)(2), having offices in Irvine, CA, Phoenix, AZ. and Greenwich, CT. At all times material to this action defendant CMS regularly transacted business in the State of Arizona.

3.     Defendant CMS is a "debt collector" of plaintiff's debt as those terms are defined in the FDCPA, 15 U.S.C. § 1692a.

4.     Plaintiff does not know the true names, capacities, or basis for liability of defendants sued as Doe 1 through 10. Each fictitiously named defendant is in some manner liable to plaintiff, or claims some right, title, or interest in subject property, or both. Plaintiff will amend this complaint to allege their true identities, capacities and roles as and when they are ascertained.

5.     Defendant CMS, identified on a certain Exhibit 1 has notified plaintiff of its intention to sell plaintiff's home in a foreclosure sale.

6.     Plaintiff alleges that all defendants named and unnamed in this complaint are in some way involved in the actions complained of herein as either independent actors, or as

1 | agents or principals of the other in foreclosure
2 | proceedings against plaintiff.
3 | 7. The "Security Instrument" is the deed of trust.
4 | 8. The "Note", is the negotiable instrument, which is
5 | referred to in the Security Instrument identified in the
6 | Notice of Sale (Exhibit 1) and which allegedly created
7 | plaintiff's obligation to repay a debt to a beneficiary.
8 | 9. Plaintiff is informed, believes and alleges that each
9 | defendant in pursuing non judicial foreclosure represented
10 | that they had the right to payment under the Note of which
11 | was secured by the Security Instrument that is identified
12 | in Exhibit 1 to this complaint.
13 | 10. Upon information and belief, plaintiff alleges that
14 | defendants and each of them have not provided plaintiff
15 | with a copy of the original note referred to in the
16 | Security Instrument identified in Exhibit 1, any access to
17 | said Note, any evidence that such Note is, or ever was, in
18 | existence, and yet they are attempting to enforce the
19 | obligations of said Note through a non-judicial
20 | foreclosure. Plaintiff requested the identity of said
21 | holders of the "Note" along with an accounting by way of a
22 | Qualified Written Request under the RESPA and TILA laws, on
23 | Feb.28, 2009. A copy of which is attached as Exhibit "2"
24 | and incorporated here by reference. If said Note was
25 | available, Defendant would have provided Plaintiff with a
26 | copy along with account activity as Plaintiff requested
27 | meting the legal requirements of federal RESPA and TILA
28 | laws. Furthermore Defendant would have attached it here as
| an Exhibit. A.R.S.§ §§ 47-3301 clearly sets forth the

1    requirements to enforce a note: the enforcing party must be

2    a holder in due course on the note, a non-holder in

3    possession of the note with the rights of a holder in due

4    course must satisfy the requirements of A.R.S. §§ 47-3309

5    or § 47-3418, subsection D relating to a lost or destroyed

6    note. Defendants and each of them have not provided any

7    evidence of their legal right(s) to enforce any note(s) by

8    demonstrating possession of any note(s)by any particular

9    defendant or entity.

10   11.   Upon information and belief, none of the Defendants

11   have a present right to initiate foreclosure under the

12   Security Instrument identified in the Notice of Sale

13   attached as Exhibit 1, nor does any defendant have the

14   right to direct any defendant to foreclose and sell the

15   subject property of plaintiff.

16   12.   Plaintiff is informed, believes, and alleges that in

17   all wrongful acts alleged in this complaint, the defendants

18   and each of them have utilized the United States mail in

19   furtherance of their conspiracy to both attempt and to

20   affect unlawful collection on negotiable instruments when

21   they are not entitled under law to do so, and, assuming

22   *arguendo* that any defendant does have the right to proceed

23   to foreclose under the note, defendants and each of them

24   have and have attempted to profit from those actions in

25   amounts greater than their legal rights under the note to

26   do so.

27   13.   Plaintiff is informed, believes, and alleges that the

28   defendants and each of them, in so acting in this case and

1   with respect to many other mortgage or trust deed security
2   instruments engaged in a pattern and practice of utilizing
3       the non-judicial foreclosure procedures of this state to
4   foreclose on properties when they do not, in fact have the
5   right to do so, knowing that the property owners affected do
6   not have the knowledge and means to contest the right of said
7   defendants to do so.
8   14.    Plaintiff is informed, believes, and alleges that
9    Defendants and each of them, in committing the acts alleged
10  in this and in other cases, are engaging in a pattern of
11  unlawful activity, and have known or should have known that
12  they had no right to initiate foreclosure proceedings unless
13  and until they were in possession of the original note
14  properly endorsed or assigned to them as of a date preceding
15  the notice of default recorded by the Trustee.
16  15.    Plaintiff is informed, believes, and alleges that the
17  true facts were that none of the defendants were in possession
18  of the note or non-holders of the note entitled to payment, as
19  those terms are used in A.R.S. §§§ 47-3301, 47-3309,47-3418,
20  subsection D, and therefore, defendants and each of them were
21  proceeding to foreclosure non-judicially without right under
22  the law.
23  16.    The defendants and each of them, misrepresented the
24  facts regarding their legal right to enforce the note and to
25  foreclose on plaintiff's property intending either to force
26  plaintiff to pay large sums of money to defendants and each of
27  them to which they were not entitled under the law, or to
28  abandon plaintiff's property to foreclosure sale.

17.     Plaintiff is informed, believes, and alleges that
defendant CMS identified in Exhibit 1, has acted unlawfully
to collect on and attempt to satisfy an alleged debt by
taking either or both plaintiff's real property through
foreclosure and plaintiff's monetary personal property
through debt collection activities and communications.

18.     The real property owned by plaintiff that is identified
in Exhibit 1 is unique. Therefore, should defendants and each
of them, not be enjoined, plaintiff and his family will suffer
irreparable injury for which there is no adequate remedy in
law when defendants proceed to sell or causes to be sold the
subject property at foreclosure sale.

19.     As a result of the aforementioned facts and
allegations, plaintiff has been damaged in having to seek
legal assistance before bringing this action along with court
cost and fees to enjoin the threatened non-judicial
foreclosure of the subject property, and will have to incur
additional fees to stop the wrongful acts of the defendants
and each of them. Plaintiff has been damaged in other ways
that are not readily apparent at this time, but will amend
this complaint to allege further damages as they are
determined.

## FIRST CAUSE OF ACTION
## UNFAIR DEBT COLLECTION PRACTICES
## (AS TO ALL NAMED DEFENDANTS)

20.     Plaintiff realleges paragraphs 1-19 of the General
Charging Allegations as if fully set forth herein.

21.     Plaintiff is informed, believes, and alleges that defendant CMS is a debt collector. Defendant identified itself as a debt collector in Exhibit 1; therefore, plaintiff realleges that defendant CMS has not acted solely in its capacity as a trustee.

22.     Plaintiff is informed, believes, and alleges that defendants and each of them did not provide the proper, or any, notice required under Federal Fair Debt Collections Act. 15 U.S.C. Title 41, Subchap. V, §§ 1692g informing plaintiff of plaintiff's right to request validation of the debt which defendants and each of them were attempting to collect.

23.     Plaintiff is informed, believes, and thereupon alleges that the defendants and each of them, in taking the actions aforementioned, have violated provisions of Arizona's Consumer Fraud Act, including but not limited to A.R.S § 44-1521 *et seq,* and the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692 *et seq,* and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.

## SECOND CAUSE OF ACTION

### PREDATORY LENDING PRACTICES

### (AS TO ALL NAMED DEFENDANTS)

24.     Plaintiff realleges paragraphs 1-19 of the General Charging Allegations and paragraphs 20-23 of the First Cause of Action as fully set forth herein.

25.     Assuming *arguendo* that the defendant on whose behalf defendant CMS is pursuing foreclosure proceedings against plaintiff does have the right under the law of negotiable instruments in this state, by possession, endorsement,

assignment, agency or otherwise, to receive payment under a valid note, payment of which is secured by the security instrument that is identified in Exhibit 1, and to initiate foreclosure under power of sale contained therein, if any, then that defendant is subject to defenses that would have been available against the initial lender identified as Homecomings Financial. The liability of assignees for the predatory lending practices of their predecessors is specifically provided for in 15 U.S.C. § 1641.

26.    Plaintiff is informed, believes, and thereupon alleges that defendant CMS has engaged in deceptive practices with respect to plaintiff in violation of the Home Ownership and Equity Protection Act (HOEPA), 15 U.S.C. §§ 1637, the Truth in Lending Act (TILA), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act (FTC Act), 15 U.S.C. §§ 41-58, the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained.

27.    One or more of the predatory lending practices referred to in the previous paragraph permits, under the law, one or more defenses or remedies, the specifics of which will be alleged by amendment to this complaint when ascertained.

## THIRD CAUSE OF ACTION

## RICO

## (AS TO ALL NAMED DEFENDANTS)

28.    Plaintiff realleges paragraphs 1-19 of the General Charging Allegations, paragraphs 20-23 of the First Cause of

1 Action and paragraphs 24-27 of the Second Cause of Action, as
2 if fully set forth herein.

3 29. In doing the aforesaid acts, defendants and each of
4 them were participating in and have participated in a scheme
5 of racketeering as the term is defined in the federal
6 Racketeer Influenced and Corrupt Organizations (RICO), 18
7 U.S.C. §§ 1961 *et seq, and the Arizona Anti-Racketeering Act*
8 *(AZRAC), A.R.S.§§ 13-2301 through 2316,* and in so doing, have
9 violated federal and state of Arizona RICO law.

10 30. Plaintiff alleges that defendants and each of them have
11 violated RICO, including but not limited to 18 U.S.C. §
12 1961(1)(A), relating to mail fraud as defined in 18 U.S.C. §
13 1341. Upon information and belief, in all the wrongful acts
14 alleged in this complaint, the defendants and each of them
15 have utilized the United States mail in furtherance of their
16 conspiracy to both attempt and to affect unlawful collection
17 on negotiable instruments when they were not entitled under
18 law to do so, and, assuming *arguendo* that any defendant does
19 have the right to proceed to foreclose under the Note,
20 defendants and each of them have and have attempted to profit
21 from those actions in amounts greater than their rights under
22 the Note to do so.

23 31. Plaintiff is informed, believes, and alleges that the
24 defendants and each of them, in so acting in this case and
25 with respect to many other mortgage or trust deed security
26 instruments engaged in a pattern and practice of utilizing the
27 non-judicial foreclosure procedures of this State to foreclose
28 on properties when they do not, in fact, have the right to do
so, knowing that the property owners affected do not have the

1  knowledge and means to contest the right of said defendants to
2  do so.
3  32.    Plaintiff alleges that defendants and each of them have
4  violated RICO, including but not limited to 18 U.S.C. §§
5  1962(b) and (d) through attempts to collect unlawful debts.
6  33.    Plaintiff alleges that defendants and each of them have
7  violated RICO, 18 U.S.C. § 1961(1)(A), relating to prohibited
8  interference with commerce, robbery, or extortion, as defined
9  under 18 U.S.C. § 1951.
10  34.    Plaintiff alleges that defendants and each of them have
11  also violated RICO, 18 U.S.C. § 1961(1)(A), relating to fraud
12  in the sale of securities.
13  35.    Plaintiff is informed, believes, and alleges that
14  defendants and each of them, in committing the acts alleged in
15  this and in other cases, are engaging in a pattern of unlawful
16  activity.
17  36.    Plaintiff is therefore entitled to the available
18  remedies under RICO in civil actions.
19
20  **WHEREFORE**, Plaintiff prays that:
21  1. Defendants and each of them, be prohibited from conducting
22     any sale of the subject property pending the outcome of
23     this case;
24  2. Defendants and each of them, be permanently enjoined from
25     any and all attempts to foreclose on the subject real
26     property unless and until it can present proof that it is
27     entitled, under the law of negotiable instruments in force
28     in Arizona to enforce the underlying promissory note

described in the security instrument that is identified in Exhibit 1;

3. That Plaintiff be awarded monetary damages against the defendants and each of them, jointly and severally, that plaintiff incurred due to the need to bring this action for injunctive relief according to proof,

4. That the plaintiff be awarded statutory damages for Unfair Debt Collection Practices under federal and Arizona statutes;

5. That attorney fees be awarded plaintiff as permitted by law;

6. That plaintiff be awarded treble damages as permitted by law,

7. That prejudgment interest be awarded plaintiff as permitted by law;

8. For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

Dated: 4/1/09

_Gary Wayne Gipson Jr._

Gary Wayne Gipson Jr., Plaintiff

1

2                                    **VERIFICATION**

3

4    Gary Wayne Gipson Jr., being first duly sworn upon oath,

5    deposes and says as follows:

6    1. I am named Gary Wayne Gipson Jr. in the civil action known

7         as: the Complaint to Enjoin Foreclosure.

8    2. I have read the foregoing document, and know the contents

9         thereof.

10   3. The statements and matters alleged therein are true of my

11        own knowledge, except as to those matters stated upon

12        information and belief and, as to such matters, I believe

13        them to be true.

14

15   Dated this 1st day of April , 2009.

16

17

18                                    _Gary Gipson Jr._____

19                                    Gary Wayne Gipson Jr., Plaintiff

20

21

22                                    **AFFIDAVIT**

23   The Plaintiff in the above mentioned Complaint to Enjoin

24   Foreclosure has appeared before me, being identified by a

25   valid AZ DRIVERS LIC. , on this 1 day of April , 2009,

26   and did affirm the truthfulness of the statements contained

27   herein under the penalty of perjury by affixing his seal to this

28   document in my presences.

                    COMPLAINT TO ENJOIN FORECLOSURE - 12

1    Gary Wayne Gipson Jr. *Gary Wayne Gipson Jr.*

2    Dated: 4/1/09

3

4    NOTARY

5    *Patrice Love*                    My Commission Expires:
                                              4/10/12
6

7    COUNTY OF MARICOPA

8    STATE OF ARIZONA



NOTARY PUBLIC
STATE OF ARIZONA
Maricopa County
PATRICE LOVE
My Appointment Expires 04/10/12

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT TO ENJOIN FORECLOSURE - 13